IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| KYLE RAMSTETTER; | Case No. 1:23-cr-27-RDA |
| CHRISTIAN KIRSCHNER, | Case No. 1:23-cr-36-RDA |
| Defendants. | |

**AMAZON.COM, INC.'S MOTION TO
<u>UNSEAL VICTIM IMPACT STATEMENT</u>**

Amazon.com, Inc. ("Amazon" or the "Company") respectfully moves the Court for an order unsealing Amazon's victim impact statement. *See* Case No. 1:23-cr-27 ("Ramstetter"), Dkt. 24; Case No. 1:23-cr-36 ("Kirschner"), Dkt. 27. On January 23, 2024, Amazon filed that statement under seal to comply with this Court's January 17, 2024 order, which was premised on the Court's belief that the statement was "likely to contain sensitive information." Ramstetter Dkt. 23; Kirschner Dkt. 26. Amazon's statement, however, contains no sensitive or otherwise non-public information, which is why Amazon attached the statement to its publicly filed Motion for Leave to File Victim Impact Statement. *See* Ramstetter Dkts. 22, 22-1; Kirschner Dkts. 25, 25-1. Moreover, Amazon has a statutory and First Amendment right to be heard publicly on this matter. There is thus no legal basis to keep the statement under seal and prevent public access to it.

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citing *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 n.17 (1980); *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *Media Gen. Operations, Inc. v. Buchanan,* 417 F.3d 424, 428 (4th Cir. 2005)). This right "derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. University of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988))). To be sure, this Court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). But for several reasons, that is not the case here.

*First*, there is no sensitive or other non-public information in the statement. Everything Amazon mentions about the merits of a prosecution has been discussed publicly in this proceeding (through the written and oral statements made in connection with the guilty plea) and in the related

1

civil litigation. In fact, the information in Amazon's statement has all been in public filings for months, if not years. For example, the victim impact statement refers to the confession signed by Casey Kirschner, a document that has been on the civil case's public docket since 2022. *Amazon.com, Inc. v. WDC Holdings LLC*, 1:20-cv-484, Dkt. 1016 (E.D. Va.). No obligation of secrecy attaches to that document or the remainder of the statement, which discusses public policies in support of prosecution as well as the government's publicly stated reasons for moving to vacate the guilty pleas.

*Second*, Amazon's victim impact statement is already public. When Amazon filed its motion for leave to file a victim impact statement, it attached the statement as an exhibit to that motion. *See* Ramstetter Dkt. 22-1; Kirschner Dkt. 25-1. Accordingly, the statement that the Court has ordered Amazon to file under seal is currently on the Court's public docket, where it has been for over ten days. It would serve no purpose to seal a document that has already been made public.

*Third*, as a victim in these criminal proceedings, Amazon has the statutory right to be heard *publicly* in connection with this matter. *See* 18 U.S.C. § 3771(a)(4) (discussing crime victims' "right to be reasonably heard at any *public* proceeding in the district court involving release, plea, sentencing, or any parole proceeding" (emphasis added)); Fed. R. Crim. P. 60 ("The court must permit a victim to be reasonably heard at any *public* proceeding in the district court concerning release, plea, or sentencing involving the crime." (emphasis added)). And although courts often seal victim impact statements to protect the privacy interests of the victim, there are no such concerns here—Amazon wishes to be heard, and to be heard publicly. An unsealed victim impact statement vindicates that right.

For these reasons, Amazon respectfully requests that the Court grant this motion and order Amazon's victim impact statement to be unsealed.

2

Dated:  January 24, 2024              Respectfully submitted,

/s/ Michael R. Dziuban
Patrick F. Stokes (*pro hac vice pending*)
George J. Hazel (*pro hac vice pending*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
pstokes@gibsondunn.com
ghazel@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Amazon.com, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2024, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system on all counsel of record.

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Amazon.com, Inc.*